IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| ELVIN TERRY, Individually and as next of kin of KRISTOPHER TERRY, deceased; and DIANNE TERRY, Individually and as next of kin of KRISTOPHER TERRY, deceased, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 11-2460-STA-tmp |
| DARJAE ETHERIDGE, CAPPS RENT-A-CAR, INC.; CHARLES KNOX, Individually and d/b/a C&K TRUCKING EXPRESS; MAMIE GASTON; ELIZABETH AGANS; and JOHN DOE | ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| v. | ) ) | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) | |
| Third Party Defendant. | ) | |

---

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**

---

Before the Court is Plaintiffs' Motion to Remand (D.E. # 47), filed on December 8, 2011. For the following reasons, Plaintiffs' Motion is **GRANTED**.

According to Plaintiffs' Certificate of Consultation, Counsel for Plaintiffs conferred with all other counsel for all parties in the case, and they consent to Plaintiffs' Motion. (D.E. # 47-1 at

1

1.)  While Counsel for Plaintiffs had not reached Counsel for Defendant Capps Rent-a-Car, Inc., Kent Krause ("Krause"), when they filed their Motion to Remand on December 8, 2011, Krause was present at the December 12, 2011, scheduling conference before Magistrate Judge Pham. (D.E. # 52.)  The minute entry indicates that "[t]he parties have filed an unopposed motion to remand this matter to state court." (*Id.*)  Therefore, the Court infers that Krause did not oppose the Motion to Remand.

It is well settled that federal diversity jurisdiction exists only when "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States."[1]  As the Supreme Court has noted, "[s]ince *Strawbridge v. Curtiss*, 3 Cranch 267 (1806), we have read the statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants."[2]  Without complete diversity between all plaintiffs and all defendants, federal courts lack subject matter jurisdiction over civil actions not raising a federal question.[3]

Here, Plaintiffs point out that complete diversity between the parties existed when the Complaint was filed.  However, after the case was removed to federal court, Defendant Darjae Etheridge filed his Answer to Plaintiffs' Complaint and alleged comparative fault.  Plaintiffs then amended their Complaint to include additional alleged tortfeasors as defendants.  Two of these defendants, Defendant Gaston and Defendant Agans, are resident citizens of the State of

---

[1] Fed. R. Civ. P. 1332(a)(1).

[2] *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

[3] *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 573-74 (2004).

Tennessee. Plaintiffs are resident citizens of the State of Tennessee. Therefore, when Plaintiffs amended their Complaint to include Defendants Gaston and Agans, complete diversity was destroyed.

Thus, the Court finds that complete diversity of citizenship as required by 28 U.S.C. § 1332(a)(1) no longer exists in this case, and the Court no longer has subject matter jurisdiction over this controversy. Consequently, Plaintiffs' Motion to Remand is **GRANTED**, and this case is hereby remanded to the Circuit Court of Shelby County, Tennessee.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: December 15, 2011